IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-688

 No. COA21-79

 Filed 21 December 2021

 Wake County, No. 19 CVS 11428

 BILL CLARK HOMES OF RALEIGH, LLC, Plaintiff,

 v.

 TOWN OF FUQUAY-VARINA, Defendant.

 Appeal by plaintiff from order entered 9 October 2020 by Judge Vince Rozier

 in Wake County Superior Court. Heard in the Court of Appeals 19 October 2021.

 Ward and Smith, P.A., by Christopher S. Edwards, Ryal W. Tayloe, and Jordan
 M. Spanner, for plaintiff-appellant.

 Hartzog Law Group LLP, by Dan M. Hartzog, Jr., and Katherine Barber-Jones,
 for defendant-appellee.

 ZACHARY, Judge.

¶1 Plaintiff Bill Clark Homes of Raleigh, LLC, appeals from the trial court’s order

 granting Defendant Town of Fuquay-Varina’s motion to dismiss. After careful review,

 we reverse and remand for further proceedings.

 I. Background

¶2 Plaintiff is a North Carolina limited liability company that develops and builds

 planned communities in the Raleigh area. On 7 October 2014, Plaintiff entered into

 a development and infrastructure agreement (“the Agreement”) with the Town,
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 permitting Plaintiff to build a residential subdivision (“Sunset Glen”) containing 46

 single-family homes. The Agreement principally concerned the Town’s extension of

 municipal water and sewer services to Sunset Glen. To facilitate municipal water and

 sewer service at Sunset Glen, Plaintiff agreed that it would build water and sewer

 lines within the development to the Town’s specifications in exchange for the Town

 expanding its water and sewer systems by building a water line to Sunset Glen and

 building a sewage pumping station on site. Plaintiff also agreed that it would “pay all

 applicable development fees, including capacity fees, recreation unit fees and other

 applicable fees as prescribed by the Town’s Code of Ordinances and Annual Budget

 Ordinance and Fee Schedule.”

¶3 On 4 February 2016, the Town sent Plaintiff an invoice for $241,500, labeled

 “WATER & SEWER CONNECTION/INSPECTION FEES,” which was due prior to

 approval of the final plat of the subdivision. Of that amount, $195,000 was for

 “CAPACITY FEES” (“the Fees”): a water-capacity fee of $1,500 per unit and a sewer-

 capacity fee of $2,750 per unit, which were its usual and standard fees. Plaintiff paid

 the invoice balance in full by check dated 1 September 2016.

¶4 On 16 August 2016, our Supreme Court filed its opinion in Quality Built Homes

 Inc. v. Town of Carthage (Quality Built Homes I), 369 N.C. 15, 789 S.E.2d 454 (2016).

 In Quality Built Homes I, the Court “consider[ed] whether the Town of Carthage

 exceeded its municipal authority under the Public Enterprise Statutes, [N.C. Gen.
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 Stat.] §§ 160A-311 to -338 (2015), by adopting certain water and sewer ‘impact fee’

 ordinances.” 369 N.C. at 16, 789 S.E.2d at 455.1 The challenged ordinances provided

 that “the impact fees ‘shall be used to cover the costs of expanding the [water and

 sewer] system[s].’ ” Id. at 16, 789 S.E.2d at 456 (alterations in original). “Upon

 approval of a subdivision of real property, the ordinances trigger[ed] immediate

 charges for future water and sewer system expansion, regardless of whether the

 landowner ever connects to the system or whether Carthage ever expands the

 system.” Id. at 16, 789 S.E.2d at 455.

¶5 Recognizing that municipalities are “creations of the legislature” and thus

 “have only those powers delegated to them by the General Assembly[,]” our Supreme

 Court determined that “[w]hen Carthage adopted the ordinances at issue here, it

 exercised power that it had not been granted.” Id. The crux of the issue in Quality

 Built Homes I was Carthage’s argument that the imposition of “impact fees” fell

 “squarely within its ‘authority to charge “fees” or “charges” ’ under [N.C. Gen. Stat.]

 § 160A-314.” Id. at 19, 789 S.E.2d at 458. Our Supreme Court disagreed, concluding

 that “[w]hile the enabling statutes allow Carthage to charge for the contemporaneous

 1 “Effective 19 June 2020, the General Assembly consolidated the provisions governing

 planning and development regulations by local governments into a new Chapter 160D of the
 General Statutes.” 85’ & Sunny, LLC v. Currituck Cty., 2021-NCCOA-422, ¶ 18 n.3. As the
 former Chapter 160A was in effect at all times relevant to this appeal, we address that
 chapter in this opinion.
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 use of its water and sewer systems, the plain language of the Public Enterprise

 Statutes clearly fails to empower the Town to impose impact fees for future services.”

 Id. at 19–20, 789 S.E.2d at 458 (emphases added). Further, the Court noted that

 “[t]he fees are not assessed at the time of actual use, but are payable in full at the

 time of final subdivision plat approval—a time when water, sewer, or other

 infrastructure might not have been built and only a recorded plat exists.” Id. at 21,

 789 S.E.2d at 458–59.

¶6 On 20 August 2019, Plaintiff filed suit against the Town, seeking a declaratory

 judgment that the Fees were unlawful and demanding a refund. In its complaint,

 Plaintiff asserted that the Town charged the Fees pursuant to § 5-1016 (“the

 Ordinance”) of the Town’s Code of Ordinances. Plaintiff further alleged:

 14. Town Ordinance § 5-1016 required Plaintiff to pay said
 Capacity Fees before the Town would approve the final plat
 of the subdivision, i.e., before the Town would approve the
 development of Sunset Glen.

 15. Pursuant to Town Ordinance § 5-1016, the Town used
 some of the Capacity Fees it collected “to build capital
 reserve funds for future investment in water and sewer
 collection, distribution and treatment facilities.”

 16. Pursuant to Town Ordinance § 5-1016, the Town used
 some of the Capacity Fees it collected to fund future
 expansion of its water and sewer system.

 Plaintiff then summarized our Supreme Court’s holding in Quality Built Homes I

 before alleging:
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 21. Pursuant to Town Ordinance § 5-1016, the Town
 charged Capacity Fees for water and sewer services “to be
 furnished.”

 22. Pursuant to Town Ordinance § 5-1016, the Town
 charged such Fees at the time of final subdivision plat
 approval.

 23. The Capacity Fees collected by the [T]own from
 Plaintiff on or about September 1, 2016, were unauthorized
 by legislative act or statute, were ultra vires, and are
 unlawful.

¶7 Plaintiff maintained that the Agreement was unenforceable under Quality

 Built Homes I “to the extent [that] it required Plaintiff to pay Capacity Fees in

 connection with the development of Sunset Glen[.]”

¶8 On 4 November 2019, the Town filed a motion to dismiss pursuant to Rule

 12(b)(6), arguing that Plaintiff’s complaint failed to state a claim upon which relief

 could be granted. Specifically, the Town asserted that because “any fees paid were

 paid pursuant to [the parties’] voluntary agreement,” the Fees were not ultra vires

 and unlawful:

 The Town has met its obligations under the . . . Agreement,
 and Plaintiff accepted said benefits of the . . . Agreement,
 and cannot now challenge the terms of the [A]greement. To
 the extent Plaintiff contends that the Town did not meet
 its obligations under the . . . Agreement, [Plaintiff’s]
 exclusive remedy lies in a claim for breach of contract[.]

¶9 On 22 September 2020, the Town’s motion to dismiss came on for hearing in

 Wake County Superior Court before the Honorable Vince Rozier. On 9 October 2020,
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 the trial court entered its order granting the Town’s motion and dismissing Plaintiff’s

 complaint with prejudice. Plaintiff timely filed notice of appeal.

 II. Discussion

¶ 10 Plaintiff argues that the trial court erred by granting the Town’s motion to

 dismiss. We agree.

 A. Standard of Review

¶ 11 We review de novo a trial court’s order on a motion to dismiss for failure to

 state a claim pursuant to Rule 12(b)(6). Cheryl Lloyd Humphrey Land Inv. Co., LLC

 v. Resco Products, Inc., 377 N.C. 384, 2021-NCSC-56, ¶ 8. “The standard of review of

 an order granting a Rule 12(b)(6) motion is whether the complaint states a claim for

 which relief can be granted under some legal theory when the complaint is liberally

 construed and all the allegations included therein are taken as true.” Suarez v. Am.

 Ramp Co., 266 N.C. App. 604, 610, 831 S.E.2d 885, 890 (citation omitted), disc. review

 denied, 373 N.C. 257, 836 S.E.2d 653 (2019).

¶ 12 In reviewing a trial court’s Rule 12(b)(6) dismissal “the issue for the court is

 not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled

 to offer evidence to support the claim.” Howe v. Links Club Condo. Ass’n, Inc., 263

 N.C. App. 130, 137, 823 S.E.2d 439, 447 (2018) (citation and internal quotation marks

 omitted).

 B. Capacity Fees
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

¶ 13 On appeal, Plaintiff argues that the trial court erred in granting the Town’s

 motion to dismiss because it “incorrectly adopted the Town’s argument that the

 statute governing development agreements, N.C. Gen. Stat. § 160A-400.20, allowed

 the Town to charge capacity fees, as long as it did so by contract.” Plaintiff notes that,

 pursuant to N.C. Gen. Stat. § 160A-400.20(b) (2019), “a local government may not

 exercise any authority or make any commitment not authorized by general or local

 act and may not impose any tax or fee not authorized by otherwise applicable law.”

 Accordingly, Plaintiff reasons that (1) because “[t]he Town’s capacity fee ordinance

 was unlawful” under Quality Built Homes I, (2) “the Town had no authority to assess

 fees for future water and sewer services,”2 and (3) the Town could not contract for

 capacity fees; thus, (4) the Agreement’s provision for the payment of capacity fees was

 unenforceable.

¶ 14 For the purposes of this appeal, we need not determine the merits of Plaintiff’s

 claim; our task is to ascertain whether the trial court’s dismissal of Plaintiff’s

 complaint pursuant to Rule 12(b)(6) was error. Dismissal pursuant to Rule 12(b)(6)

 “is proper (1) when the complaint on its face reveals that no law supports the

 plaintiff’s claim; (2) when the complaint reveals on its face the absence of facts

 2 At oral argument, Plaintiff clarified that it does not argue that the Ordinance is

 unlawful in its entirety, but rather that the portion of the Ordinance that authorizes capacity
 fees for potential future services or expansion costs is unlawful under Quality Built Homes I.
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 sufficient to make a claim; or (3) when some fact disclosed in the complaint

 necessarily defeats the plaintiff’s claim.” Broad St. Clinic Found. v. Weeks, 273 N.C.

 App. 1, 5, 848 S.E.2d 224, 228 (citation and internal quotation marks omitted), disc.

 review denied, 376 N.C. 550, 851 S.E.2d 614 (2020). Reviewing Plaintiff’s complaint

 on its face and in the light most favorable to Plaintiff, construing the complaint

 liberally and taking all the allegations therein as true, we cannot conclude that any

 of these standards have been met.

¶ 15 Assuming, as we must on review of a motion to dismiss, that the Town assessed

 fees for services “to be furnished,” Quality Built Homes I supports Plaintiff’s claim

 that the fees were unlawful. The Ordinance plainly provides for the payment prior to

 plat approval of capacity fees “to build capital reserve funds for future investment in

 water and sewer collection, distribution and treatment facilities.” As the Town

 conceded at oral argument, a portion of the Ordinance is unlawful under Quality Built

 Homes I. Nevertheless, the Town maintains that although the Fees were standard

 and not negotiated, the Fees are lawful because they were not assessed pursuant to

 the Public Enterprise Statutes, but rather as part of the parties’ bargained-for

 exchange, as memorialized in the Agreement. However, liberally construing

 Plaintiff’s complaint, for the purpose of our review, we must accept as true Plaintiff’s

 allegation that the Town assessed the Fees pursuant to the Ordinance. Accordingly,

 the complaint on its face finds support in Quality Built Homes I.
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

¶ 16 Similarly, we cannot conclude that the complaint, on its face, lacks sufficient

 facts to state a claim for relief or contains any facts that necessarily defeat Plaintiff’s

 claims. Plaintiff alleged that the Town assessed the Fees for future services pursuant

 to the Ordinance, and that under Quality Built Homes I, such assessment is

 impermissible. Although the Town contends that the Fees were not assessed for

 future services, when pressed at oral argument for record evidence supporting that

 contention, the Town asserted that the Agreement—which Plaintiff attached as an

 exhibit to its complaint—represents the bargained-for exchange between the parties

 and does not indicate that the Fees were assessed for future services. Indeed, in its

 appellate brief, the Town argues that the Agreement “concerns only provision of

 current infrastructure and services that are very specifically described . . . and does

 not require Plaintiff to contribute toward ‘future discretionary spending.’ ” The Town

 further maintains that the Agreement “does not describe any obligations for future

 maintenance or upgrades, any kind of system-wide expansion, or future discretionary

 spending.”

¶ 17 However, construing the complaint liberally and taking the allegations therein

 as true, we conclude that the Agreement’s terms do not rise to the level of “some fact

 disclosed in the complaint [that] necessarily defeats . . . [P]laintiff’s claim.” Id.

 (citation omitted). The Agreement does not indicate whether the Fees were, in fact,

 assessed for past, current, or future services. Such evidence would presumably be the
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 subject of discovery on remand.

 C. Statute of Limitations

¶ 18 On appeal, the Town presents an alternative argument that this action is time-

 barred by N.C. Gen. Stat. § 160A-393.1, in the event that this Court determines that

 the Fees were assessed pursuant to the Ordinance, rather than the Agreement.

 However, this assertion lacks merit, as it is foreclosed by our Supreme Court’s

 decision in Quality Built Homes Inc. v. Town of Carthage (Quality Built Homes II),

 371 N.C. 60, 813 S.E.2d 218 (2018).

¶ 19 While the Town disagrees with Plaintiff’s allegation that the Fees were

 unlawful capacity fees, the Town maintains that even assuming, arguendo, that

 Plaintiff is correct, “Plaintiff’s claim is time-barred because it was brought more than

 one year after the regulation was applied to Plaintiff.” The Town asserts that former

 N.C. Gen. Stat. § 160A-393.1’s one-year statute of limitations applies to this case

 because “the nature of Plaintiff’s challenge and relief sought is to a development

 regulation.”

¶ 20 However, in Quality Built Homes II, our Supreme Court considered, inter alia,

 whether the plaintiffs’ claims against the Town of Carthage—first addressed in

 Quality Built Homes I—were time-barred “by the one-, two-, three-, or ten-year

 statute[s] of limitations[,]” and if so, which one applied. 371 N.C. at 61, 813 S.E.2d at

 220. Our Supreme Court noted that “the essence of [Quality Built Homes I] was that
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 the Town had acted unlawfully by assessing a water and sewer impact fee not

 authorized” by the Public Enterprise Statutes, and concluded that “the claim

 recognized in [Quality Built Homes I] was, when viewed realistically, one resting

 upon an alleged statutory violation that resulted in the exaction of an unlawful

 payment which [the] plaintiffs had an inherent right to recoup.” Id. at 73, 813 S.E.2d

 at 228. Accordingly, our Supreme Court concluded that N.C. Gen. Stat. § 1-52(2)’s

 three-year statute of limitations for liabilities applied in that case. Id. at 74, 813

 S.E.2d at 228.

¶ 21 Although the Town of Carthage “asserted that a number of shorter limitations

 periods” should have governed, our Supreme Court disagreed. Of particular relevance

 here, our Supreme Court reasoned that it was “unable to conclude that the one-year

 statute[s] of limitations set out in N.C.G.S. §§ 160A-364.1 and 1-54(10)” applied

 because the plaintiffs’ claims did “not rest upon a challenge to the validity of the

 Town’s zoning or unified development ordinances.” Id. at 74 n.7, 813 S.E.2d at 228

 n.7 (emphasis added).

¶ 22 Notwithstanding the Town’s arguments on appeal, we are unable to

 distinguish the nature of the claim in Quality Built Homes I from the claims that

 Plaintiff raises here. As in that case, “the essence” of Plaintiff’s claims is “that the

 Town . . . acted unlawfully by assessing a water and sewer impact fee not authorized”

 by the Public Enterprise Statutes. Id. at 73, 813 S.E.2d at 228. These claims are thus
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

 “resting upon an alleged statutory violation that resulted in the exaction of an

 unlawful payment which [Plaintiff] ha[s] an inherent right to recoup.” Id. We

 conclude that the reasoning of Quality Built Homes II applies with equal force to the

 case before us, and the Town’s argument in the alternative is overruled.

 III. Conclusion

¶ 23 After careful review of Plaintiff’s complaint, we cannot say that “no law

 supports . . . [P]laintiff’s claim[,]” nor that the complaint “reveals on its face the

 absence of facts sufficient to make a claim” or that “some fact disclosed in the

 complaint necessarily defeats . . . [P]laintiff’s claim.” Broad St. Clinic Found., 273

 N.C. App. at 5, 848 S.E.2d at 228 (citation omitted). Viewing Plaintiff’s complaint in

 the light most favorable to Plaintiff, construing the complaint liberally and taking as

 true the allegations contained therein, the trial court erred in granting the Town’s

 motion to dismiss. Further, the Town’s alternative argument that Plaintiff’s action is

 time-barred is specifically foreclosed by Quality Built Homes II and provides no

 additional support for the trial court’s order granting the Town’s motion to dismiss.

¶ 24 Accordingly, the trial court’s order is reversed and this case is remanded for

 further proceedings. We offer no opinion on the validity of Plaintiff’s claim at this

 stage of the litigation, and we anticipate that the development through discovery of

 a more fulsome record will provide the trial court with the evidence required to

 determine whether Plaintiff’s claims have merit.
 BILL CLARK HOMES OF RALEIGH, LLC V. TOWN OF FUQUAY-VARINA

 2021-NCCOA-688

 Opinion of the Court

REVERSED AND REMANDED.

Judges INMAN and COLLINS concur.